# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 18-62875-CV-MIDDLEBROOKS
## (15-60327-CR-MIDDLEBROOKS)
## MAGISTRATE JUDGE REID

MICHAEL LOPEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

## REPORT OF MAGISTRATE JUDGE

### I.   INTRODUCTION

This matter is before the court on movant's *pro se* motion to vacate, filed pursuant to 28 U.S.C. § 2255, which attacks the constitutionality of his conviction and sentence in case no. 15-60327-Cr-Middlebrooks.

This case has been referred to the undersigned for consideration and report. Cv-DE#2. The undersigned has reviewed the entire record in this case, as well as the relevant records from the underlying criminal case. *See* Rule 4(b), Rules Governing Section 2255 Proceedings (courts may consider "the record of prior proceedings" to rule on a § 2255 motion); 28 U.S.C. § 2255(b) (courts must review "the files and records of the case"). As discussed below, movant's motion should be DENIED.

### II.   BACKGROUND

1

On December 17, 2015, a federal grand jury indicted movant for: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine; and (2) attempt to possess with intent to distribute five kilograms or more of cocaine. Cr-DE#1. Further, the indictment contained a forfeiture allegation pursuant to 21 U.S.C. § 853. *Id.* at 2-3.[1] This allegation included, but was not limited to, forfeiture of approximately $332,580. *Id.* at 3.

The district court held a change-of-plea hearing on August 31, 2016. Cr-DE#57. At the hearing, movant advised the court that he wanted a new attorney. *Id.* The court gave him until September 7, 2016 to retain new counsel. *Id.* Movant later retained Mark Jon O'Brien. Cr-DE#60.

On September 26, 2016, the government filed a bill of particulars for forfeiture of property. Cr-DE#63. Therein, the government gave notice that it was seeking forfeiture of: (1) a tractor trailer; and (2) $332,580. *Id.* at 1.

The district court held a second change-of-plea hearing on November 3, 2016. Cv-DE#6-1. O'Brien represented movant at this hearing. *Id.* at 1. In relevant part, movant stated under oath that he had discussed the charges with his attorney and was satisfied with his representation. *Id.* at 5. Further, the court asked movant if he

---

[1] Unless otherwise noted, all page citations for docket entries refer to the page stamp number located at the top, right-hand corner of the page.

understood that the government was seeking forfeiture of the tractor trailer and $332,580 amount, and movant said that he understood. *Id.* at 7.

The court also asked the government to describe what it would have proven had the case gone to trial. *Id.* at 9. The government stated, *inter alia*, that movant told a confidential informant that he owned a tractor trailer and transported narcotics throughout the United States in it. *Id.* at 10. Movant flew into South Florida while his codefendant/uncle drove the tractor trailer to a rendezvous in Broward County. *Id.* at 11-13. Upon arrival, movant removed money from the tractor trailer and a codefendant exchanged it for cocaine. *Id.* at 12. Movant was promptly arrested. *Id.* After being read his *Miranda* rights, movant confessed to taking part in the conspiracy. *Id.* at 13. In total, movant and his codefendants possessed $332,580 for the purchase of cocaine. *Id.* Movant agreed at the hearing that he did these things. *Id.*

Ultimately, movant pleaded guilty. *Id.* The court accepted his plea and adjudged him guilty of the charged offenses. *Id.* at 14-15.

A Presentence Investigation Report ("PSI") was prepared ahead of sentencing. The PSI found movant to have an offense level of 27 and a criminal history category of II, for a guideline range of 78 to 97 months' imprisonment. PSI ¶ 70. However, under 21 U.S.C. § 841(b)(1)(A), the "term of imprisonment [could]

not be less than 10 years or more than life." Therefore, under U.S.S.G. § 5G1.2(b), the guideline range was 120 months. PSI ¶ 70.

On January 19, 2017, the district court held a sentencing hearing. Cv-DE#6-2. The court imposed the statutory minimum of 120 months' imprisonment on both counts, to run concurrently. *Id.* at 4. Further, the court advised movant that he could appeal the sentence and, to do so, must file a notice of appeal within fourteen days. *Id.* at 6.

The district court entered judgment on January 20, 2017. Cr-DE#87. Movant did not appeal.

On October 26, 2017, the district court entered a final order of forfeiture. Cr-DE#97. Pursuant thereto, the aforementioned tractor trailer and $332,580 amount were forfeited to the United States. *Id.* at 2-3.

The instant § 2255 motion is dated November 14, 2018. Cv-DE#1 at 12. Simultaneously, movant filed a supporting memorandum containing essentially all of his substantive arguments. Cv-DE#3.

Movant acknowledges that he filed his § 2255 motion more than one year after his judgment of conviction became final. Cv-DE#1 at 11. However, to justify this failure, he conclusorily asserts:

> Due to attorney O'Brien's abandonment and refusal to provide the case file, [movant] was not able to meet the deadline . . . . Equitable tolling is in order due to recently obtaining the documents through a legal

> research provider that was able to retrieve these documents through PACER.

*Id.*

> Similarly, in his supporting memorandum, he states, without further support:

> Attorney O'Brien failed under his obligation to appeal the sentence [to] oppose the forfeiture. But more importantly would not turn over the case file, going as far as to claim there [were] no court transcripts.

Cv-DE#3 at 9.

### III.  **SUMMARY DISMISSAL UNDER 28 U.S.C. § 2255**

Rule 4 of the Rules Governing § 2255 Proceedings provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) (per curiam) ("Rule 4(b) of [§] 2255 allows the district court to summarily dismiss the motion . . . if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]"). In reviewing a motion under Rule 4, courts must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## IV. ANALYSIS

### A. Statute of Limitations

Pertinently, 28 U.S.C. § 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final[.] . . .

Here, the district court entered movant's judgment of conviction on January 20, 2017. Movant did not appeal. Thus, for § 2255(f)(1) purposes, the judgment became final fourteen days later on February 3, 2017. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (citing Fed. R. App. P. 4(b)(1)(A)(I), (6)). However, movant did not file the instant motion until November 14, 2018. Therefore, because movant filed his motion over one year and nine months after his judgment of conviction became final, the motion is untimely.

Movant seeks to overcome the time bar by arguing that his attorney abandoned him and refused to provide his case file. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citations omitted). Here, however, movant has not alleged that he specifically requested his attorney to file a notice of appeal, and his vague allegations are not amenable to this inference.

This finding does not end the inquiry, however. Where, as here, the defendant does not instruct his attorney to file an appeal, courts next consider whether defense counsel "consulted with the defendant about an appeal." *Id.* at 478. Consult under *Flores-Ortega* means "[]advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.*

Here, the undersigned assumes *arguendo* that movant's attorney failed to consult with him about an appeal. However, this assumption does not end the inquiry.

Counsel's failure to consult with the defendant about an appeal is not per se deficient. *Id.* at 480-81. "If counsel has not consulted with the defendant, the court must . . . ask . . . : whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* at 478. In this regard, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Regarding reason (1), "[a]lthough not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both

because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* Courts "must [also] consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

Here, a rational defendant would not have wanted to appeal. For one, movant pleaded guilty, and the record reflects that his guilty plea was knowing and voluntary. *See generally* Cv-DE#6-1. Movant has not alleged otherwise. Two, the district court imposed the statutory minimum sentence of ten years' imprisonment. Three, as explained more fully below, *infra* Part IV(B), movant has not identified any nonfrivolous grounds for appeal. Accordingly, a rational defendant would not have wanted to appeal.

Moreover, movant has not adequately alleged that he reasonably demonstrated to counsel an interest in appealing. In this regard, he only vaguely and conclusorily alleges that: (1) he asked his attorney for his case file; and (2) his attorney refused to provide it, going so far as to claim there were no transcripts. Cv-DE#1 at 11; Cv-DE#3 at 2, 9. However, it is well established that conclusory claims of ineffective assistance are insufficient for relief under *Strickland* or for an evidentiary hearing. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th

Cir. 2011) ("Conclusory allegations are simply not enough to warrant [an evidentiary] hearing." (citing *San Martin v. McNeil*, 633 F.3d 1257, 1271 (11th Cir. 2011))); *Boyd v. Allen*, 592 F.3d 1274, 1306–07 (11th Cir. 2010); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) (citation omitted) ("Conclusory allegations of ineffective assistance are insufficient." (citation omitted)); *Pio v. United States*, No. 13-23666-CIV, 2014 WL 4384314, at *3 (S.D. Fla. Sep. 3, 2014) ("Conclusory allegations of ineffective assistance of counsel are insufficient to state a claim [under § 2255]." (citing cases)).

 Furthermore, movant stated under oath at the change-of-plea hearing that his attorney had discussed the charges with him and that he was satisfied with his representation. Cv-DE#6-1 at 5, 14; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Thus, the record reflects that movant was satisfied with his attorney up to that point and had discussed key aspects of the case with him. Therefore, it is implausible that his attorney would have failed to consult with him about an appeal after representing him at sentencing, where the district judge informed movant that he had fourteen days to file a notice of appeal. In short, absent stronger allegations to the contrary, movant's sworn statements belie the notion that his attorney abandoned him, refused to provide his case file, or told him that transcripts did not exist.

For these reasons, movant has not adequately alleged that he reasonably demonstrated to counsel an interest in appealing. Consequently, movant has not shown that his attorney ineffectively failed to consult with him about an appeal. *Cf. Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (citing cases) (movants bear burden of proof under § 2255).

To overcome the time bar, movant also requests equitable tolling. He is not entitled to it.

Section 2255 is subject to equitable tolling. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). But equitable tolling is proper only if movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (citation omitted); *see also Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[T]he allegations supporting equitable tolling must be specific and not conclusory." (citation omitted)).

Here, as noted, movant's allegations supporting equitable tolling are vague and conclusory. Furthermore, assuming *arguendo* that his attorney's alleged abandonment and misadvice about his case file and transcripts somehow prevented

him from timely filing his § 2255 motion, nowhere has he alleged that he was pursuing his rights diligently from the time his judgment of conviction became final until he filed this motion.

In sum, movant filed his § 2255 motion over one year and nine months after his judgment of conviction became final. Furthermore, he has not shown that his attorney ineffectively failed to consult with him about an appeal, or that he is entitled to equitable tolling. Consequently, his § 2255 motion is time-barred.

**B.    Merits**

In any event, Movant's § 2255 motion also fails on the merits.

Apparently, movant's first claim is that O'Brien failed to secure a better plea deal. Cv-DE#3 at 2, 4. He bases this claim on the fact that his two codefendants received significantly shorter sentences. *Id.* at 2.

To establish a claim of ineffective assistance of counsel, movant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To prove deficiency, he must show that his attorney's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To prove prejudice, movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Movant has the burden of proof on his ineffectiveness claim, *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1256 (11th Cir. 2012), as well as the burden of proof under § 2255, *Beeman*, 871 F.3d at 1222.

Here, movant has not alleged what O'Brien did or did not do to secure a better plea deal, or what he could have done in this regard. Furthermore, while there was no written plea agreement, movant pleaded guilty and received the statutory minimum sentence. Moreover, movant stated that he had discussed aspects of the case with O'Brien and was satisfied with his representation. Thus, movant has not shown that O'Brien deficiently failed to secure a better plea deal or that his alleged failure to do so prejudiced him.[2][3]

Movant's second claim is that O'Brien ineffectively failed to challenge the court's forfeiture order. This claim is fails.

---

[2] This claim also fails because it is conclusory. The only allegation to support this claim is that movant's codefendants received shorter sentences. *See, e.g., Wilson*, 962 F.2d at 998 ("Conclusory allegations of ineffective assistance are insufficient.").

[3] Movant has not alleged that O'Brien failed to communicate the terms of a better plea offer to him, thereby causing the offer to lapse. Thus, *Missouri v. Frye*, 566 U.S. 134 (2012), is inapplicable. Nor has movant alleged that O'Brien ineffectively caused him to reject a better plea offer. Therefore, *Lafler v. Cooper*, 566 U.S. 156 (2012), does not apply either.

For starters, such claims are not cognizable in § 2255 proceedings. *See Saldana v. United States*, 273 F. App'x 842, 844 (11th Cir. 2008) (per curiam) (noting with approval district court's rejection of movant's contention that "his attorney [ineffectively] failed to challenge the sufficiency of the evidence supporting the forfeiture orders"); *Steele v. United States*, No. CR RWT-12-0014, 2017 WL 2719363, at *4 (D. Md. June 22, 2017) (because forfeiture proceedings are unrelated to movant's confinement status, claim that attorney ineffectively failed to challenge forfeiture of property not cognizable under § 2255 (citing *Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998)); *cf. United States v. Thiele*, 314 F.3d 399, 401–02 (9th Cir. 2002) (challenges to restitution orders not cognizable under § 2255, even if couched in terms of ineffective assistance).

Furthermore, the record contradicts this claim. As noted, the indictment contained a forfeiture allegation for the $332,580 amount. And the bill of particulars added the tractor trailer asset. During his plea colloquy, movant agreed that his codefendant drove the tractor trailer to Broward County to further the drug conspiracy and that he and his codefendants possessed $332,580 to purchase cocaine. Likewise, he stated that he understood that the government was seeking forfeiture of said property. Furthermore, contrary to movant's meandering contentions, the record does not reflect any procedural irregularities regarding the preliminary or final orders of forfeiture. *See* Cr-DE##76-77, 96-97. Therefore,

counsel did not deficiently fail to challenge the court's forfeiture order; the court would have overruled any objection. *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) (citation omitted) ("A lawyer cannot be deficient for failing to raise a meritless claim[.]"). For the same reason, movant cannot show prejudice. *Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014) (failure to raise meritless claim is not prejudicial under *Strickland*).

In sum, in addition to being time-barred, movant's § 2255 motion lacks substantive merit. Therefore, even if it were not time-barred, said motion would fail.

## V. EVIDENTIARY HEARING

Movant is not entitled to an evidentiary hearing. "[T]he motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b). The preceding discussion conclusively shows that movant's claims are "patently frivolous" and "affirmatively contradicted by the record." *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989). To reiterate, movant's conclusory allegations of ineffective assistance do not warrant an evidentiary hearing. *Supra* Part IV(A); *see also Winthrop-Redin v. United States*, 767 F.3d 1210, 1220 (11th Cir. 2014) ("Without specific allegations supporting his *Strickland* claim, [the movant was] not entitled to a § 2255(b) evidentiary hearing."). Furthermore, on this record, there is no basis to infer that movant would be able to

develop facts at an evidentiary hearing sufficient to overcome § 2255(f)'s time bar. In short, an evidentiary hearing is not appropriate.

## VI. **CERTIFICATE OF APPEALABILITY**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects the movant's constitutional claims on the merits, the movant "must show that reasonable jurists could debate whether . . . the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). By contrast, "[w]hen the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim,

15

a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, in view of the entire record, a certificate of appealability should be denied. If movant disagrees, he may so argue in any objections filed with the district judge.[4]

## VII. **RECOMMENDATIONS**

Based on the foregoing, it is recommended:

1. That movant's § 2255 motion (Cv-DE#1) be DENIED;

2. That no certificate of appealability issue; and

3. That judgment be entered and the case closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar

---

[4] "If the district court considers the timeliness of the [§ 2255 motion] *sua sponte*, it must give the [movant] 'fair notice and an opportunity to present [his] position[].'" *See Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 623 (11th Cir. 2015) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)). This report and recommendation serves as fair notice. *Cf. Fharmacy Records v. Nassar*, 465 F. App'x 448, 458 (6th Cir. 2012) (per curiam); *Ferreira-Plasencia v. Ruginski*, 34 F. App'x 3, 4 (1st Cir. 2002) (per curiam). Furthermore, if he feels that his motion is timely and/or that an exception to §2255(f)'s time bar applies, he will have an opportunity to present his position in any objections to this report. *See Manzini v. The Fla. Bar*, 511 F. App'x 978, 983 (11th Cir. 2013) (per curiam).

movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 6th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Michael Lopez
13673-104
Englewood
Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123
PRO SE

Alicia E. Shick
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33394
954-660-5793
Fax: 954-356-7336
Email: alicia.shick@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov